

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company, <br><br>                Plaintiff, <br><br>     v. <br><br> GENI, INC. - GOOD EARTH NUTRITIONAL INGREDIENTS, INC., et al., <br><br>                Defendants. | No. CV 05-4647-FMC (SSx) <br><br> **MEMORANDUM AND ORDER RE: PARTIES' STIPULATION AND PROPOSED PROTECTIVE ORDER** |





The Court has received and considered the parties' Stipulation and proposed Protective Order Regarding Confidential Information ("Protective Order") lodged on March 21, 2006. The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a

1  meaningful fashion. It is not sufficient to state that confidential
2  information is "any such Information produced in this action that is
3  reasonably believed by the producing party to be non-public, proprietary
4  or confidential." (See p. 2, ¶ 2).

6  Second, the Court cannot agree that any information that the
7  parties choose to designate as confidential and wish to file under seal
8  shall be labeled with the following statement pending the Court's ruling
9  on the application to file under seal:

11  This envelope is sealed pursuant to Order of the Court,
12  contains Confidential or Confidential-Attorneys' Eyes Only
13  Information and is not to be opened nor the contents revealed
14  except by Order of the Court.

16  (See p. 6, ¶ 8(a). Such labeling might suggest that the Court itself
17  had made a determination regarding the confidential nature of the
18  information when, in fact, only a party had made such a determination.
19  The parties are free, in a revised stipulation, to agree that documents
20  be marked as confidential, but should not include any language
21  suggesting that the Court has also reached that conclusion.

23  Third, the Court will not agree to hear any testimony or motions
24  pertaining to any confidential information in camera. (See p. 6, ¶
25  8(b); p. 8, ¶ 14). In any revised protective order, the parties may not
26  obligate the Court.
27  //
28  //

Fourth, to the extent that the parties' procedures do not conform to Local Rule 37, the Court will not agree to the procedures the parties propose in the event of a dispute regarding the designation or disclosure of confidential information. (See p. 7, ¶ 10; p. 8, ¶ 14). In the event of a dispute regarding the designation of confidential information or use, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37.

Finally, the Protective Order contains no statement(s) establishing the requisite good cause. Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires examination of good cause) (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002); San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.), cert. denied, 506 U.S. 868, 113 S. Ct. 197, 121 L. Ed. 2d 140 (1992)). The Court may enter a protective order only upon a showing of good cause. Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing).

In any revised stipulated protective order submitted to the Court, the parties must include a statement demonstrating good cause for entry of a protective order pertaining to the documents or information described in the order. The documents to be protected shall be specifically described and identified. The paragraph containing the statement of good cause should be preceded by the phrase: "GOOD CAUSE

STATEMENT." The parties shall articulate, for each document or category of documents they seek to protect, the specific prejudice or harm that will result if no protective order is entered. <u>Foltz</u>, 331 F.3d at 1130 (citations omitted).

In any revised stipulated protective order, the parties shall include the following in the caption: ".[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

IT IS SO ORDERED.

DATED: March 27, 2006

                                        SUZANNE H. SEGAL
                            UNITED STATES MAGISTRATE JUDGE

cc: District Judge Florence-Marie Cooper